IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| AUSTIN JAMES LONAS, | CV 24-42-H-DWM |
| Plaintiff, | |
| vs. | ORDER |
| PETE BLUDWORTH, JANE DOE, JOHN DOE, and BRIAN GOOTKIN, | |
| Defendants. | |

Plaintiff Austin James Lonas filed a 42 U.S.C. § 1983 Complaint related to his incarceration at Crossroads Correctional Center ("Crossroads") in Shelby, Montana. (Doc. 2.) The Complaint failed to state a claim, but Lonas was given the opportunity to amend. He timely filed an Amended Complaint. (Doc. 7.) Lonas's Amended Complaint also fails to state a claim and is dismissed.

Lonas alleges a Fourteenth Amendment violation related to loss of his property. His allegations will not be repeated here, as they are detailed in the Court's prior Order, but there is one notable difference. In the Complaint, Lonas alleged that when his property was collected, it was inventoried by staff for the move. (Doc. 2 at 13.) In the Amended Complaint, he alleges that defendants "never inventoried my property items mandated by policy..." (Doc. 7 at 6.) The difference is not meaningful to the Court's analysis. As explained in the prior Order, this loss

1

of Lonas's property is not a violation of his constitutional rights. The loss of his property was not an authorized, intentional deprivation of property but rather, a result of negligence (or theft), which is not actionable under the Fourteenth Amendment's Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984) (*citing Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985).

(Lonas adds citations to *Jannisch v. Kirkegard* to his Amended Complaint, but that case presented facts meaningfully different from Lonas's situation. In Jannisch, the deprivation was, in fact, both authorized and intentional. *Jannisch v. Bates*, 788 F. App'x 493 (9th Cir. 2019).)

Further, the Amended Complaint, for the reasons previously explained, fails to allege sufficient facts to state a claim against either named defendant, Bludworth or Gootkin. Though he has elaborated his claim, he continues to assert that these defendants are liable for their employees' conduct. But he has not alleged that they knew this negligence would occur, or that the defendants otherwise had some personal involvement in the loss of the property.

The Court has considered whether Lonas's Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). For the reasons stated above and in the Court's prior Order, Lonas's allegations are insufficient to state a

claim.  Accordingly, it is HEREBY ORDERED:

1.     This matter is DISMISSED. The Clerk of Court is directed to close the case and enter judgment.

2.     The Clerk of Court shall have the docket reflect that this dismissal counts as a strike against Lonas within the meaning of 28 U.S.C. § 1915.

3.     The Clerk of Court is directed to have the docket reflect that, pursuant to Fed. R. App. P. 24(a)(3)(A), any appeal of this decision would not be taken in good faith.  The record makes plain that Plaintiff's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.

DATED this 16th day of September, 2024.

_____
Donald W. Molloy, District Judge
United States District Court